IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WILLIE TALLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, a municipal corporation, | ) |
| JOHN DOE OFFICER #1, JOHN DOE OFFICER #2, | ) |
| and JANE DOE OFFICER #3, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff, WILLIE TALLY, by and through his attorneys, MARK PARTS and FAITH H. SPENCER of PARTS & SPENCER, LTD., for his Complaint against Defendant CITY OF CHICAGO, a municipal corporation, and individual Defendants JOHN DOE OFFICER #1 and JOHN DOE OFFICER #2 and JANE DOE OFFICER #3, alleges as follows:

THE PARTIES

1. Plaintiff WILLIE TALLY is a resident of Chicago, Illinois.

2. Defendant CITY OF CHICAGO is a legal entity incorporated under the laws of the State of Illinois.

3. Defendant officers JOHN DOE OFFICER #1, JOHN DOE OFFICER #2 and JANE DOE OFFICER #3 are City of Chicago police officers, who, at times pertinent hereto, acted in their capacity as officers and employees of Defendant CITY OF CHICAGO's Police Department and acted under color of law.

1

JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1343(a). This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367, and §1441. This Court has personal jurisdiction over Defendants as they are residents of Illinois and all actions complained of herein occurred in Illinois.

5. Venue is proper in this District because all the conduct complained of herein occurred in this District.

SPECIFIC ALLEGATIONS COMMON TO ALL COUNTS

6. On the evening of September 4, 2011, Plaintiff WILLIE TALLY was about to enter the McDonald's restaurant at 79th Street and King Blvd. in Chicago when JOHN DOE OFFICER #1, blocked his way and started verbally harassing him.

7. Plaintiff WILLIE TALLY attempted to walk around JOHN DOE OFFICER #1 several times, but was not able to do so, as JOHN DOE OFFICER #1 continued to verbally harass him and physically assaulted him. Plaintiff then turned away from the restaurant and went back to his car to drive home. As Plaintiff was on his way home he became aware that he was being followed by JOHN DOE OFFICER #1, who bumped his vehicle and continued to follow him.

8. Plaintiff WILLIE TALLY arrived at his home in the 8100 block of Ingleside in Chicago and went to enter the front door. As he did so, JOHN DOE OFFICER #1 kicked the front door open, followed Plaintiff in, put a gun to Plaintiff's head and told Plaintiff he was under arrest.

2

9. JOHN DOE OFFICER #2 and JANE DOE OFFICER #3 then entered Plaintiff's residence and grabbed Plaintiff WILLIE TALLY. JOHN DOE OFFICER #2 and JANE DOE OFFICER #3 then cuffed Plaintiff and placed him in a police vehicle.

10. Plaintiff was taken to the Chicago Police Department station, where he was held for several hours and issued three traffic citations by JOHN DOE OFFICER #2 and JANE DOE OFFICER #3.

11. Plaintiff appeared at court on the three traffic citations on October 12, 2011 and the citations were dismissed at that time.

COUNT I
(42 U.S.C. § 1983, Excessive Force Claim)

12. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

13. By all of the above, Defendant JOHN DOE OFFICER #1 used and caused to be used unjustified force against Plaintiff WILLIE TALLY.

14. The above-described use of force by Defendant JOHN DOE OFFICER #1 was in violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant JOHN DOE OFFICER #1, awarding compensatory and punitive damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

COUNT II
(42 U.S.C. § 1983, Improper Seizure Claim)

15. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

16. The actions of Defendant JOHN DOE OFFICER #1 constituted an improper seizure of Plaintiff, in violation of rights guaranteed under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant JOHN DOE OFFICER #1, awarding compensatory and punitive damages, reasonable attorneys fees and costs, and such further relief as this Court deems just.

### COUNT III
(42 U.S.C. § 1983, False Arrest Claim)

17. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

18. The actions of JOHN DOE OFFICER #1, JOHN DOE OFFICER #2 and JANE DOE OFFICER #3 constituted false arrest of Plaintiff, in violation of rights guaranteed under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against JOHN DOE OFFICER #1, JOHN DOE OFFICER #2 and JANE DOE OFFICER #3, awarding compensatory and punitive damages, reasonable attorneys fees and costs, and such further relief as this Court deems just.

### COUNT IV
(42 U.S.C. § 1983, Unlawful Detention Claim)

19. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

20. The actions of JOHN DOE OFFICER #2 and JANE DOE OFFICER #3 constituted unlawful detention of Plaintiff, in violation of rights guaranteed under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against JOHN DOE OFFICER #2 and JANE DOE OFFICER #3, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT V
(Battery)

21. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

22. The above-described harmful, unjustified and offensive conduct by Defendant JOHN DOE OFFICER #1, acting within the scope of his employment by the City of Chicago, constituted battery under the common law of Illinois.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against the City of Chicago and Defendant JOHN DOE OFFICER #1 awarding compensatory damages, costs, and such further relief as this Court deems just.

## COUNT VI
(Intentional Infliction of Emotional Distress)

23. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

24. The above conduct of Defendant JOHN DOE OFFICER #1, acting within the scope of his employment by the City of Chicago, was intentional and done with disregard for Plaintiff's safety and rights. Said actions by JOHN DOE OFFICER #1 were extreme, outrageous and caused and continue to cause Plaintiff to suffer pain and emotional distress.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against the City of Chicago and Defendant JOHN DOE OFFICER #1 awarding compensatory damages, costs, and such further relief as this Court deems just.

## COUNT VII
### (Respondeat Superior)

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

26. In committing the acts alleged in the preceding Counts V and VI, Defendant JOHN DOE OFFICER #1 was a members, and agent of, the Chicago Police Department acting at all relevant times within the scope of their employment.

27. Defendant CITY OF CHICAGO is liable as principal for all Illinois state law torts committed by its agents.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant CITY OF CHICAGO awarding compensatory damages, costs, and such further relief as this Court deems just.

## COUNT VIII
### (State Law Indemnification)

28. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

29. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendants JOHN DOE OFFICER #1, JOHN DOE OFFICER #2 and JANE DOE OFFICER #3 were employees of Defendant CITY OF CHICAGO who acted within the scope of their employment in committing the misconduct described herein.

30. Moreover, Plaintiff is a third-party beneficiary of a contract between Defendant CITY OF CHICAGO and the union(s) representing JOHN DOE OFFICER #1, JOHN DOE OFFICER #2 and JANE DOE OFFICER #3, in which contract Defendant

CITY OF CHICAGO has obligated itself to pay for all judgments for compensatory damages, attorneys' fees and costs against Defendants JOHN DOE OFFICER #1, JOHN DOE OFFICER #2 and JANE DOE OFFICER #3.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant CITY OF CHICAGO for the amounts of any compensatory damages, attorneys and fees and costs awarded against Defendants JOHN DOE OFFICER #1, JOHN DOE OFFICER #2 and JANE DOE OFFICER #3.

## JURY DEMAND

Plaintiff demands trial by jury on all Counts that may be tried to a jury.

Respectfully submitted,

/s Mark Parts
Mark Parts
Parts & Spencer, Ltd.
130 North Garland Court
Suite 2005
Chicago, IL 60602
312-920-0990
mparts@pslegal.net
Illinois Atty. No.: 6203617